UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
                                                                       :
PATRICK B. GARMHAUSEN,                                                 :     07-CV-2565 (ARR)(LB)
                                                                       :
                    Plaintiff,                                         :     <u>NOT FOR ELECTRONIC</u>
                                                                       :     <u>OR PRINT PUBLICATION</u>
       -against-                                                       :
                                                                       :     <u>OPINION & ORDER</u>
DEBRA T. CORRIDAN, a/k/a Debra T. Garmhausen, and                      :
ATTORNEY GENERAL ERIC HOLDER,                                          :
                                                                       :
                    Defendants.                                        :
                                                                       :
---------------------------------------------------------------------- X

ROSS, United States District Judge:

Currently before me is the motion of plaintiff, Patrick B. Garmhausen, asking this court to find that it no longer has subject matter jurisdiction over this suit. Plaintiff argues that, because defendant Debra T. Corridan ("Corridan") was removed from the Witness Security Program (the "Program") on September 3, 2013, this court no longer has jurisdiction over the claims or counterclaims raised in this case because the jurisdictional provisions of the Witness Security Reform Act of 1984 (the "Program Statute"), 18 U.S.C. §§ 3521-3528, no longer apply. Having considered both parties' submissions on this question, I find that this court retains subject matter jurisdiction over the action, and plaintiff's motion is denied.

**BACKGROUND**

For purposes of this opinion, I assume the parties' familiarity with the underlying facts and summarize only relevant portions of the case's procedural history here. By opinion and order dated December 2, 2010 ("December 2 Order"), I held that this court had subject matter jurisdiction over plaintiff's claims against Corridan for custody and/or visitation of their son, Patrick Sean, who was relocated with Corridan under the Program. Dkt. #61. I held that

1

plaintiff's claims did not fall within the domestic relations exception to federal jurisdiction because § 3524(d)(5) of the Program Statute "expressly provides plaintiffs with a cause of action in federal court to enforce custody and visitations rights with respect to [a] child who has been relocated through the Program."  December 2 Order, Dkt. #61, at 22.  In my December 2 Order, I also relied on the persuasive import of an Eighth Circuit Court of Appeals case, decided prior to the enactment of the Program Statute, which held that the domestic relations exception did not bar a federal suit seeking the return of a child who had been relocated with a parent protected under the Program.  Id. at 22-23 (citing Ruffalo v. Civiletti, 702 F.2d 710, 717-18 (8th Cir. 1983)).  Since that time, plaintiff's claims and Corridan's counterclaims have proceeded to adjudication under the jurisdiction of this court.

By letter dated September 25, 2013, the government informed the court that Corridan had been removed from the Program on September 3, 2013, and that the removal had been upheld by a decision dated September 20, 2013.  Dkt. #166.  In that letter, the government indicated that, at that time, it was the belief of counsel for the government that Corridan's removal from the program divested this court of subject matter jurisdiction.  However, the government requested a 60-day period to investigate the matter and confirm their position.

By letter dated November 22, 2013, the government informed the court that, having examined the matter, counsel concluded that this court retained jurisdiction pursuant to the Program Statute.  Dkt. #175.  Counsel for Corridan joined in the government's position regarding jurisdiction.  Dkt. #176.  Plaintiff's counsel submitted a letter motion to dismiss for lack of jurisdiction on February 5, 2014.  Dkt. #184.  In his letter, plaintiff argues that this court no longer has jurisdiction principally because Corridan has been removed from the Program and the relevant provision of the Program Statute applies to a parent who is a "person provided

protection," which he argues Corridan no longer is. Plaintiff argues that the Program Statute no longer applies, and, as a result, the domestic relations exception bars federal jurisdiction. In its reply, the government argues that the phrase "provided protection" in the Program Statute applies to those individuals currently provided with protection as well as to those who have been provided protection and relocated in connection with the Program. Dkt. #185. The government argues that this interpretation of the Program Statute is consistent with the fact that, even where, as here, an individual is no longer provided physical protection by the Program, they remain relocated and continue to live under their new identities in an ongoing relationship with the Program. For the reasons below, I agree with the government.

## DISCUSSION

Generally, "[t]he domestic relations exception to diversity jurisdiction divests the federal courts of power to issue divorce, alimony, and child custody decrees." 32A Am. Jur. 2d Federal Courts § 805 (2014) (citing <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992)). "[I]t is well settled that federal courts generally do not have jurisdiction over such matters based upon a policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack." <u>McKnight v. Middleton</u>, 699 F. Supp. 2d 507, 516 (E.D.N.Y. 2010) (internal quotation marks omitted). However, as this court noted in its December 2 Order, the Program Statute expressly creates a right of action in federal courts that renders the common-law domestic relations exception inapplicable in circumstances where the statute controls.

In the case of a parent, such as plaintiff, whose child has been relocated in connection with the Program, the Program Statute provides:

3

> With respect to any person provided protection under this chapter who is the parent of a child who is relocated in connection with such protection, the parent not relocated in connection with such protection may bring an action, in the District Court for the District of Columbia or in the district court for the district in which that parent resides, for violation by that protected person of a court order with respect to custody or visitation of that child.

18 U.S.C. § 3524(d)(5).

Similarly, in the case of a parent in the Program who seeks to have a custody or visitation order modified, the Program Statute states:

> With respect to any person provided protection under this chapter (A) who is the parent of a child who is relocated in connection with such protection and (B) who has obligations to another parent of that child with respect to custody or visitation of that child under a court order, an action to modify that court order may be brought by any party to the court order in the District Court for the District of Columbia or in the district court for the district in which the child's parent resides who has not been relocated in connection with such protection.

18 U.S.C. § 3524(d)(1).

The question now at issue is whether these statutory provisions continue to operate to confer subject matter jurisdiction on this court even where a person who has been provided protection and relocated under the Program is removed from the Program. As the parties have noted, this appears to be an issue of first impression, and, as a result, I am unaware of any case law addressing the precise issue at hand.

Turning first to the language of the statute, both jurisdictional provisions apply "with respect to any person provided protection under this chapter who is the parent of a child who is relocated in connection with such protection." Plaintiff's sole argument rests on the contention that, because Corridan's protection was terminated under 18 U.S.C. § 3521(f), she is no longer a "person provided protection." In response, the government argues that this language does not

4

limit its application to those persons currently provided protection but "covers parents who have been provided protection, as well as those currently being provided protection." Mem. of Law in Opp'n to Pl.'s Mot. to Dismiss, Dkt. #185, at 2. The government argues that "[t]his is true because once someone is 'provided' protection, their lives change in immeasurable ways---e.g., new identities, cessation of communication with loved ones, removal to a new state---and they do not typically revert to their former identities or lives when any physical protection ends." Id. at 2-3. I find the government's interpretation of the Program Statute persuasive, as there is nothing in the statutory language limiting its application only to persons currently provided with protection. The fact that Corridan has been removed from the program is not determinative because it does not change that fact that she is a person who has been "provided protection."

Not only does this interpretation better reflect the language of the statute, it also squares with the purpose for creating a federal right of action in suits concerning child custody or visitation where a child has been relocated in connection with protection under the Program. In Ruffalo, decided prior to the enactment of the Program Statute, the Eighth Circuit expressed the concerns underlying the need for a federal right of action in such cases:

> Underlying the various reasons advanced to justify the domestic-relations exception is one basic premise: There is a state forum in which the plaintiff may obtain relief. Here, the state court cannot grant effective relief to [plaintiff]. [Defendant] refuses to obey the court's custody order, and ordinary processes for discovering his whereabouts are being impeded by the action of the federal government in providing him a new identity.

702 F.2d at 718. It is clear that these very concerns were driving Congress in its decision to address custody and visitation disputes in the Program Statute. The Ruffalo decision itself was among the supplemental materials included in the appendix for the subcommittee hearings on the Program Statute. The Witness Protection Act: Hearing Before the H. Subcomm. on Courts,

5

Civil Liberties, & the Administration of Justice, 98th Cong. 404 (1983).  What is more, the legislative history demonstrates that, in enacting the child custody and visitation provisions of the statute, members of Congress were specifically concerned about the impact that relocation and provision of an alias to a witness has on a third party's ability to enforce his rights.  See id. at 29 (statement of Rep. Robert W. Kastenmeier, Chairman, H. Subcomm. on Courts, Civil Liberties, & the Administration of Justice) (expressing concern about effect on third parties when a witness is "entered into a program which involves his relocation, and possibly an alias").

      The policy concerns addressed by the Program Statute remain equally forceful despite Corridan having been removed from physical protection because of the ongoing relationship that continues in place between Corridan and the Program.  Corridan and Patrick Sean remain relocated and living under new identities.  As I held in a prior order, it remains within the discretion of the Attorney General to disclose or refuse to disclose information regarding Corridan's removal from the program, her new identity, and her whereabouts, as well as those of Patrick Sean.  Dkt. #183.  Because their identities and location continue to be protected, the government acts as intermediary in arranging documents for Program participants, even after they have been removed from physical protection, with such federal agencies as the Social Security Administration, the Department of Veterans Affairs, the Department of State, the Federal Bureau of Investigation, Immigration and Customs Enforcement, and the U.S. Citizen and Immigration Services.  Given the Attorney General's ongoing right to protect and refuse to disclose Corridan's new identity and location, the same difficulties regarding service of process in a state court action exist regardless of whether she has now been removed from the Program.  Accordingly, the persistence of the mischief addressed by the Program Statute further counsels in favor of its continued application giving rise to subject matter jurisdiction in this case.

## CONCLUSION

For the reasons stated above, plaintiff's motion is denied. I find that this court retains subject matter jurisdiction over the suit under the Program Statute. Furthermore, although there is no doubt as to the fitness of Dawn M. Cardi, Esq., to continue to serve as special master for the arbitration of Corridan's counterclaims concerning the state court custody and visitation orders, I recognize the parties' concerns about the extensive time and resources expended in this matter. Accordingly, I will withdraw the reference to Ms. Cardi on the condition that the parties consent in writing within ten days of the date of this order to the appointment of the Honorable Lois Bloom, United States Magistrate Judge, as special master pursuant to 18 U.S.C. § 3524(d)(3). If the parties so consent, Judge Bloom shall file an affidavit disclosing any ground for disqualification as required by Rule 53(b)(3) of the Federal Rules of Civil Procedure.

SO ORDERED.

_/s/_____
Allyne R. Ross
United States District Judge

Dated: February 25, 2014
Brooklyn, New York