UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK B. GARMHAUSEN, <br><br> Plaintiff, <br><br> v. <br><br> DEBRA T. CORRIDAN, A/K/A Debra T. Garmhausen, and ERIC HOLDER, ATTORNEY GENERAL OF THE UNITED STATES, <br><br> Defendants. | 07-CV-2565 (ARR)(LB) <br><br> **ORDER DENYING PLAINTIFF'S REQUEST FOR FORENSIC EVALUATION OF SUBJECT CHILD** |

RENE A. KATHAWALA and RICHARD A. JACOBSEN, Co-Special Masters:

In consideration of Plaintiff Patrick B. Garmhausen's request for forensic evaluation of the subject child filed on June 4, 2014, and the documents filed in opposition by Nina S. Epstein, attorney to the non-party child Patrick S. Garmhausen, and the United States Government on, respectively, June 11 and 12, 2014:

It is on this 23rd day of June 2014 hereby ORDERED that Plaintiff's request for forensic evaluation is DENIED for the reasons set forth below.

**BACKGROUND**

On May 10, 2013, Plaintiff Patrick B. Garmhausen (hereinafter "Plaintiff") submitted a written request for a forensic evaluation of his son, Patrick S. Garmhausen (hereinafter "the Child"), alleging that the Child's stated wishes not to have contact with his father were symptomatic of Parental Alienation Syndrome (PAS). Plaintiff Request dated May 7, 2013 [Docket Entry No. 159]. On July 1, 2013, Special Master Dawn Cardi recommended denial of Plaintiff's request, though that recommendation was later deemed unnecessary by U.S. District Judge Allyne R. Ross as unilateral denial of such a request was within the purview and authority

1

of the Special Master presiding over the proceedings. Cardi Recommendation dated July 1, 2013 [Docket Entry No. 165], Court Order dated July 2, 2013 [Docket Entry No. 168].

On June 4, 2014, Plaintiff renewed his request (hereinafter the "Request") for a forensic evaluation of the Subject Child to the newly-appointed Co-Special Masters. Plaintiff Request dated June 4, 2014 [Docket pending].

**DISCUSSION**

**I. The Court is Under No Obligation to Order a Forensic Evaluation**

The decision of whether to order a forensic evaluation for a party to a lawsuit lies within the sound discretion of the court. *See Matter of Salamone-Finchum v. McDevitt*, 28 A.D.3d 670, 816 N.Y.S.2d 105 (N.Y. App. Div. 2d Dep't 2006).

A court's primary concern in a custody dispute is the best interests of the child. *See, e.g., Eschbach v. Eschbach*, 56 N.Y.2d 167, 436 N.E.2d 1260, 451 N.Y.S.2d 658 (N.Y. 1982). While New York courts have statutory authority to order any person or the parent or guardian of any child within the subject jurisdiction to be examined by a psychiatrist or other physician, a court need only do so when such examination is necessary to determine what outcome is in fact in the best interests of the child. N.Y. C.L.S. FAMILY CT. ACT § 251(a) (2014); *see, e.g., Matter of Van Dunk v. Bonilla*, 100 A.D.3d 1008, 955 N.Y.S.2d 150 (N.Y. App. Div. 2d Dep't 2012). A court is never obligated to order a forensic evaluation unless a lack of information related to the child's best interests renders doing so an absolutely necessity. *See Salamone-Finchum*, 28 A.D.3d 670, 816 N.Y.S.2d 105; *Matter of Rhodie v. Nathan*, 67 A.D.3d 687, 888 N.Y.S.2d 159 (N.Y. App. Div. 2d Dep't 2009)

Plaintiff's Request does not demonstrate a need for a forensic evaluation to determine the best interests of the Child. Plaintiff Request dated June 4, 2014 [Docket pending]. The Court

denies the Request because: (i) it has been provided with ample evidence of the Child's stated wishes; (ii) such an exam is likely to inflict significant emotional and psychological stress on the Child; (iii) because doing otherwise would necessitate adjournment of the evidentiary hearing; and (iv) the law of the case compels denial of the Request.

## II. The Relevant Factors Favor Denial of Plaintiff's Request for Forensic Evaluation

### a. The Child's Desire Not to Have Contact With Plaintiff Weighs Against Granting the Request

A court may consider a child's wishes relating to custody decisions, particularly those of adolescent children. *See Whitley v. Leonard*, 5 A.D.3d 825, 772 N.Y.S.2d 620 (N.Y. App. Div. 3d Dep't 2004). Courts give an adolescent child's wishes serious consideration in determining custody and parental access related to the best interests of the child. *Matter of Mera v Rodriguez*, 73 A.D.3d 1069, 899 N.Y.S.2d 893 (N.Y. App. Div. 2d Dep't 2010), *Matter of James Joseph M. v. Rosana R.*, 32 A.D.3d 725, 821 N.Y.S.2d 168 (N.Y. App. Div. 1st Dep't 2006).

This deference and consideration pertains not only to the ultimate custody determination, but also to preliminary evidentiary determinations like this one, as to whether the Court must order a forensic examination. In *Mera v. Rodriguez*, the Second Department affirmed the denial of a request for a forensic evaluation, finding in part that the child, then twelve years old, was mature enough to express his wishes. 73 A.D.3d 1069, 899 N.Y.S.2d 893; *see also Weiss v. Weiss*, 52 N.Y.2d 170, 418 N.E.2d 377, 436 N.Y.S.2d 862 (N.Y. 1981), *overruled as stated in Matter of Luis*, 18 Misc. 3d 650, 847 N.Y.S.2d 835 (N.Y. Fam. Ct. 2007) (considering the in-camera testimony of eleven-year-old child in custody determination). Likewise, the Fourth Department in *Heintz v. Heintz* held that the Family Court did not abuse its discretion in refusing to order the child to submit to psychological evaluations where no evidence of psychological problems existed. 275 A.D.2d 971, 713 N.Y.S.2d 709 (N.Y. App. Div. 4th Dep't 2000).

3

The Child's desire not to have contact with his father weighs against granting Plaintiff's Request. The Child has on multiple occasions communicated via his attorney that he does not want contact with the Plaintiff. Epstein Letter dated Jan. 25, 2012 [Docket Entry No. 105]. The Child is currently sixteen years old, and there is no reason not to give his wishes serious consideration. His attorney has also stated that the Child is intelligent, well-spoken, and that his judgment is not impaired, suggesting he suffers from no psychological problems. *Id.* While the parties may adduce evidence of psychological issues or parental manipulation at the evidentiary hearing, at the moment the Plaintiff has entered none that would warrant a court-ordered forensic evaluation of the Child.

b. <u>Likely Psychological Impact on Child Weighs Against Granting the Request</u>

In deciding whether to order an evaluation, courts may also consider the emotional or psychological impact of a forensic evaluation on the child, as well as the disruption to the child's sense of well-being and security. *See Matter of Anthony McK v. Dawn M.*, 24 Misc. 3d 684, 879 N.Y.S.2d 293 (N.Y. Fam. Ct. 2009) (explaining that a second evaluation of a child in a custody dispute would be unduly stressful). In *A.K. v. A.S.*, the Family Court denied a father's request for a forensic evaluation of the mother despite claims of the mother's mental illness in part because of the emotional cost to the children. 32 Misc. 3d 431, 928 N.Y.S.2d 628 (N.Y. Fam. Ct. 2011). The court noted that the forensic evaluation process, which involves meetings with parents and the forensic evaluator, can be difficult on children. *Id.* at 435 (citing N.Y. C.L.S. FAMILY CT. ACT § 251(A)).

The Child would likely experience emotional or physical distress from a forensic evaluation. The Child has expressed a desire not to take part in the current dispute, which has lasted nearly half of his life, and has stated that he does not wish to have any contact with his

father. Epstein Letter dated Jan. 25, 2012 [Docket Entry No. 105]. His attorney has also indicated that requiring the Child to take part in the proceedings would be disruptive to his well-being. Epstein Letter dated June 26, 2013 [Docket Entry No. 163]. Upon removal from the Witness Protection Program, in which Child lived since the age of five without any contact with his father, his attorney indicated that he was frightened and felt threatened, and that Plaintiff's actions raised concerns for the Child's safety and well-being. Epstein Letter dated Oct. 8, 2013 [Docket Entry No. 189]. The risk that a forensic examination would be emotionally and psychologically stressful and disruptive on the Child's security and well-being weighs against granting Plaintiff's Request.

### III. Time Constraints Considering Upcoming Evidentiary Hearing

The U.S. Government and Child's attorney both argue that Plaintiff's Request should be denied due to, among other things, the rapidly-approaching evidentiary hearing and the extensive time and resources required to conduct an forensic examination. The Family Court in *A.K. v. A.S.*, discussed above, denied a request for a forensic evaluation in part because the request was premature and would be unduly costly to the parties, both financially and emotionally. 32 Misc. 3d 431, 928 N.Y.S.2d 628 (N.Y. Fam. Ct. 2011). In *Anthony McK v. Dawn M.*, the court stressed the negative effect that undue delay in custody hearings can have on a child's well-being. 24 Misc. 3d 684, 879 N.Y.S.2d 293 (N.Y. Fam. Ct. 2009) ("By the time the multitude of complaints, motions, counterclaims, appeals and collateral attacks are eventually decided, the child's entire minority may be consumed . . . .").

In light of the evidentiary hearing scheduled for July 17, 2014, which shall be attended by attorneys for all parties, including the Child, and, via teleconference by Plaintiff and the Child's mother, granting Plaintiff's Request would likely further delay a dispute that has been ongoing

since 2007. Should there be insufficient information to determine the Child's best interests following the evidentiary hearing, the Court has the discretion to order a forensic examination at that time. In the alternative, the Court may, at any time before its final decision, arrange to have an in-camera interview with the Child in the presence of the Child's attorney. *Lincoln v. Lincoln*, 24 N.Y.2d 270, 247 N.E.2d 659, 299 N.Y.S.2d 842 (N.Y. 1969).

## IV. The Law of the Case Also Justifies the Denial of Plaintiff's Request

There is an altogether independent reason why the Court denies the Request. Under the 'law of the case,' this matter has already been settled, and this request has already been denied. "[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *De Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal citations and quotations omitted). While we are mindful that "the law of the case" doctrine is a discretionary one, and that we may depart from a prior ruling for "compelling" reasons including an intervening change in law, availability of new evidence, or "the need to correct a clear error or prevent manifest injustice," *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002), we find that exercise of such discretion is unnecessary here.

The prior Special Master denied this very same Request. Cardi Recommendation dated July 1, 2013 [Docket Entry No. 165]. The papers under submission—<u>identical</u> to those previously submitted—fail to introduce any new evidence or cite any intervening law that might justify reconsideration. Plaintiff Request dated June 4, 2014 [Docket pending]. Because the prior Special Master's ruling does not constitute "clear error," manifest injustice will not follow from adherence to it. Accordingly, the law of the case requires denial of the Plaintiff's Request.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Request for the forensic evaluation of the Child is denied.

SO ORDERED:

Dated: June 23, 2014
New York, New York

By: _____
Rene A. Kathawala
rkathawala@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-5100

*Co-Special Master*

By: _____
Richard A. Jacobsen
rjacobsen@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3743

*Co-Special Master*